**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4372**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

ROBERT EMERSON SMITH, JR.,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cr-00483-CCE-1)

Submitted:  January 20, 2022                     Decided:  January 24, 2022

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Emerson Smith, Jr., pled guilty, pursuant to a plea agreement, to Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1951(a), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Smith to 168 months' imprisonment, within his advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Smith's sentence is substantively reasonable. Smith was informed of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss the appeal pursuant to the appellate waiver in Smith's plea agreement. We affirm in part, dismiss in part, and remand.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Smith knowingly and intelligently waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Smith's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm. We remand this case, however, so that the court may amend the criminal judgment to reflect its recommendation that Smith be housed as close as possible to his family in Durham, North Carolina. *See* Fed. R. Crim. P. 36.

This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*AND REMANDED*

3